J-S29032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN PATRICK AROSE, | : | |
| | : | |
| Appellant | : | No. 1783 WDA 2014 |

Appeal from the Judgment of Sentence Entered September 22, 2014,
in the Court of Common Pleas of Jefferson County,
Criminal Division, at No(s): CP-33-CR-0000139-2014
CP-33-CR-0000590-2007
CP-33-CR-0000591-2007
CP-33-CR-0000592-2007
CP-33-CR-0000593-2007

BEFORE:   PANELLA, MUNDY, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED JUNE 24, 2015**

John Patrick Arose (Appellant) appeals from his September 22, 2014 judgment of sentence, which the trial court imposed after revoking Appellant's probation.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

On January 20, 2014, Appellant was charged with three counts of possession of drug paraphernalia at case number 139 of 2014.  Appellant entered into a negotiated plea agreement whereby he pled guilty to one count of possession of drug paraphernalia in exchange for a sentence of one

*Retired Senior Judge assigned to the Superior Court.

year of probation. On June 4, 2014, consistent with the plea agreement, he was sentenced to one year of probation.

Because Appellant was serving a term of probation for prior convictions at the time of his new conviction, on September 22, 2014, Appellant appeared for a **Gagnon II**[1] hearing. At that time, the court took judicial notice of the plea and sentence imposed at 139 of 2014. N.T., 9/22/2014, at 2. The court found that this new conviction was a violation of Appellant's probation that had been imposed at cases 590, 591, 592, and 593 of 2007.[2] The court further pointed out that this was Appellant's second set of charges while on probation. **Id**. at 2. Moreover, the court noted that on June 5, 2014, just one day after being sentenced at case number 139 of 2014, Appellant was charged with possession of a controlled substance (marijuana) and possession of drug paraphernalia at case number 337 of 2014.[3]

Accordingly, the court revoked Appellant's probation at docket numbers 590, 591, 592, and 593 of 2007 and sentenced him to an aggregate term of 5 to 10 years' incarceration to be followed by three years of probation. The court also revoked Appellant's probation at 139 of 2014,

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] All of these convictions were drug-related.

[3] Appellant subsequently pled guilty to the possession charge and was sentenced to 3 to 12 months' incarceration on September 17, 2014.

and sentenced him to a consecutive 6 to 12 months' incarceration. The court also determined that Appellant is eligible for the Recidivism Risk Reduction Incentive program.[4]

On October 20, 2014, Appellant filed a motion for reconsideration of sentence.[5] That motion was denied on October 22, 2014, and Appellant filed a notice of appeal that day.[6] Both Appellant and the court complied with Pa.R.A.P. 1925.

The following principles guide our review of this matter:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to

---

[4] Recidivism Risk Reduction Incentive Act, 61 Pa.C.S. §§ 4501–4512.

[5] A post-sentence motion must be filed within 10 days after the imposition of the sentence. Pa.R.Crim.P. 720(A)(1). Accordingly, this post-sentence motion, filed 28 days after the imposition of the sentence, was filed untimely.

[6] Where an untimely post-sentence motion is filed, a notice of appeal must be filed 30 days after the imposition of the sentence. Pa.R.Crim.P. 720(A)(3). Because the notice of appeal was filed on October 22, 2014, exactly 30 days after the imposition of sentence, it was filed timely.

withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure:

Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's application to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the above requirements.[7] "We, therefore, turn to the issue presented in counsel's **Anders** brief to make an independent judgment as to whether the

---

[7] Appellant has not responded to counsel's application to withdraw.

appeal is, in fact, wholly frivolous." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa. Super. 2012).

According to counsel, Appellant wishes to challenge the discretionary aspects of his sentence: "Whether the trial court abused its discretion when it revoked Appellant's probation and re-sentenced him to serve a sentence of incarceration in the State Correctional Institution aggregating to a minimum of five and one-half (5½) years to a maximum of eleven (11) years for [A]ppellant's violation of probation."[8]

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

---

[8] "[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006).

Instantly, has satisfied the first requirement by filing timely a notice of appeal. To satisfy the second requirement regarding preservation, we point out that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013).

Appellant's motion for reconsideration of sentence was not filed in a timely fashion. **See** footnote 5, ***supra***. Additionally, Appellant did not raise this issue at his sentencing hearing. **See** N.T., 9/22/2014. Therefore, Appellant has not preserved this issue, and it is waived. An issue that is waived is frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Consequently, we agree with counsel that this appeal is wholly frivolous. For these reasons, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2015

- 6 -