COMMONWEALTH of Pennsylvania,
Appellee

v.

Nicholas FERGUSON, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 3, 2005.

Filed Feb. 1, 2006.

Ines M. Massella, Erie, appellant.

Bradley H. Foulk, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before: LALLY–GREEN, BENDER and TAMILIA, JJ.

BENDER, J.:

¶ 1 Nicholas Ferguson (Appellant) appeals from the judgment of sentence entered following the revocation of his probation. On appeal, Appellant challenges the discretionary aspects of his sentence. For the following reasons, we vacate the judgment of sentence and remand for re-sentencing.

¶ 2 The trial court summarized the procedural history of this case as follows:

On July 31, 2002, Appellant was admitted into the Accelerated Rehabilitative Disposition (ARD) Program for two years at Docket Number 433 of 2002 for two counts of Attempted Theft, three counts of Theft and one count of Possession of Drug Paraphernalia. These offenses were all misdemeanors.

While in the ARD program, Appellant committed a series of felony drug crimes. Specifically, at Docket Number 3183 of 2002, Appellant committed four counts of Possession with Intent to Deliver (PWID) and two counts of Possession of a Controlled Substance and Conspiracy to PWID.

Appellant was revoked from ARD on February 21, 2003. On that same day Appellant pled guilty · as charged at Docket Number 433 of 2002 and Docket Number 3183 of 2002. At the latter docket, Appellant's plea was to six felony and two misdemeanor offenses.

At his request, Appellant was admitted into the Erie County Drug Court on February 21, 2003. Appellant received a combined sentence of Restrictive Intermediate Punishment and probation at both docket numbers. He was allowed to remain under community supervision as part of his Drug Court program.

On January 6, 2005, Appellant's probation and intermediate punishment sentences were revoked. Appellant's sentence of six years of probation was re-imposed at Docket number 433 of 2002. Appellant received a period of incarceration of ·nine to twenty-four months on each of the first three Counts of PWID at Docket Number 3183 of 2002; on Counts 4, 7 and 8, his original terms of probation were reinstated while Counts 5 and 6 were merged with Counts 1 and 2. The result was an aggregated sentence at both docket numbers of twenty-seven (27) months to seventy-two (72) months incarceration followed by thirty-six (36) years of probation.

On February 23, 2005, Appellant petitioned for the reinstatement of his appellate rights, which was granted by Order dated the same day. On February 28, 2005, Appellant filed a Notice of Appeal. A Final Statement was filed on April 18, 2005. This Opinion is in response to Appellant's Final Statement of Matters Complained of on appeal.

Trial Court Opinion (T.C.O.), 6/29/05, at 1–2. In this appeal, Appellant has presented two questions for our review:

I. Did the lower court commit reversible error in sentencing appellant to a period of total confinement after a revocation hearing without meeting the requirements of 42 Pa.C.S.A. § 9771?

II. Did the lower court commit reversible error in imposing a probation sentence of thirty-six (36) years without explaining how, as a matter of law, this sentence was the least stringent adequate to protect the community and to serve the rehabilitative needs of the appellant?

Brief for Appellant at 5.

¶ 3 Initially we note that both of Appellant's claims are challenges to the discretionary aspects of his sentence. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super.2004) (stating that a claim that

the trial court erred in imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of one's sentence); *Commonwealth v. Whitman*, 880 A.2d 1250, 1251 (Pa.Super.2005) (stating that a claim that one's sentence is excessive is a challenge to the discretionary aspects of the sentence).

Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Id.* (citations omitted). In his brief, Appellant has presented a statement of reasons for allowance of appeal arguing that the court erred in its application of section 9771 and that his sentence of total confinement and 36 years of probation were manifestly excessive. We conclude that both these issues present substantial questions for our review. *See Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617, 624 (2002); *McAfee*, 849 A.2d at 274.

■ ¶ 4 In determining that Appellant's questions present substantial questions for our review, we note that as recently as 2004, this Court has stated that "[t]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revoca-tion proceedings and the legality of the judgment of sentence." *Commonwealth v. Infante*, 850 A.2d 696, 697–98 (Pa.Super.2004). However, in *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super.2000), this Court recognized that this was too narrow a statement of our scope of review.

It is often noted that our scope of review following a sentence imposed after revocation of probation is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. This language was first set forth by our Supreme Court in *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975). Despite the continued use of this language by the courts of the Commonwealth, it is clear the Supreme Court did not intend to limit review to the legality of a sentence, i.e., whether it has been authorized by the legislature. The Supreme Court's decisions subsequent to *Gilmore* belie such a narrow construction of appellate review. *See Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981) (reviewing and setting aside a sentence of total confinement upon the revocation of probation, even though the sentence itself was legal).

*Sierra*, 752 A.2d at 913 n. 6. *See also McAfee*, 849 A.2d at 270 (a case in which we reviewed the discretionary aspects of the appellant's sentence following a revocation of probation). Consequently, it is now accepted that it is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation.

■ ¶ 5 In the first question presented for our review, Appellant claims that the trial court violated the requirements of 42 Pa.C.S. § 9771 when it imposed a sentence of total confinement following the revoca-

tion of Appellant's probation. Section 9771 states in pertinent part:

**§ 9771. Modification or revocation of order of probation**

(a) **General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

(b) **Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

(c) **Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) **the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or**

(3) **such a sentence is essential to vindicate the authority of the court.**

42 Pa.C.S. § 9771(a), (b), (c) (emphasis added).

¶ 6 Appellant argues that "only criterion number three [of section 9771(c) ] has any possible application [and yet] the court did not give it as one of its sentencing reasons." Brief for Appellant at 14. We disagree, and conclude instead that the court's statement at sentencing clearly indicates that the court's primary concern was recidivism, which is a basis for total confinement under section 9771(c)(2).

¶ 7 Appellant was serving a sentence of intermediate restrictive punishment for six felony drug offenses when his probation was revoked. As part of this sentence, Appellant was enrolled in a drug treatment program through the court. However, Appellant could not stay clean. At sentencing, the court stated the following:

I am very familiar with your case, Mr. Ferguson. . . .

I do think that there were times when you made progress in your recovery. And I accept what you're saying in terms of the windows of time that you made—that you were clean, and I think there were times that you wanted to be working and making progress in your recovery. . . .

I don't think that you were honest with yourself or with us all the time that you needed to be. I think if you were, then you wouldn't have been in and out of jail four different times.

And when I look at my notes over the period of time, in addition to the time you spent in jail, there were a lot of other times we could have, with the missed urines and history of missed urines that you had—I mean I remember according to my notes as far as back as in May of 2003, having a little discussion with you, what I described as a little shuck and jive talk, because I thought you were just kind of jiving us with what you were saying, and in the end, you were just jiving yourself.

N.T., 1/6/05, at 13–14. And in its opinion, the court states that "Appellant ignores the fact that his criminal behavior escalated" and instead of taking advantage of the opportunity he was given, he "chose to get deeply involved in drug trafficking." T.C.O., 5/13/05, at 5. Finally, the court stated that "Appellant will continue to be involved with drugs and is a significant risk to commit crimes if not incarcerated." *Id.*

■ ¶ 8 Mindful of the fact that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion," *Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super.2005), we conclude that the court did not abuse its discretion in sentencing Appellant to total confinement. It is clear from the court's statements at sentencing that it was concerned about Appellant's failure to complete a drug treatment program, and that any assurances Appellant made regarding his intent to succeed in the future were to be viewed with skepticism due to his lack of honesty. These reasons were sufficient for the court to sentence Appellant to a period of total confinement of twenty-seven to seventy-two months under Section 9771(c)(2). *See Commonwealth v. Cappellini*, 456 Pa.Super. 498, 690 A.2d 1220, 1225 (1997) (holding that total confinement under Section 9771(c)(2) was appropriate because the appellant's "continued drug use, combined with his resistance to treatment and supervision, is enough to make a determination that, unless incarcerated, appellant would in all likelihood commit another crime").

■ ¶ 9 Appellant next claims that the trial court abused its discretion in imposing a sentence that was "too severe." Brief for Appellant at 16.[1] Our review of a claim of an excessive sentence is normally governed by 42 Pa.C.S. § 9781, which states:

### § 9781. Appellate review of sentence

■ . . .

**(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). However, Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. *See Coolbaugh*, 770 A.2d at 792.

¶ 10 Therefore, we are guided by the provisions of 42 Pa.C.S. § 9721, which state the general standards that a court is to apply in sentencing a defendant.

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Commonwealth v. Walls*, 846 A.2d 152, 157–58 (Pa.Super.2004), *appeal granted*, 583 Pa. 662, 875 A.2d 1075 (2005). Guided by these standards, we must determine whether the court abused its discretion by imposing a "manifestly excessive" sentence that constitutes "too severe a punishment."

---

1. Appellant claims that both his sentence of incarceration and his sentence of probation were excessive. In regard to his claim of the excessiveness of the period of incarceration, we rely on the foregoing analysis addressing Appellant's first question. The remainder of our analysis will address Appellant's claim that his sentence of probation was excessive.

*Mouzon,* 812 A.2d at 624 (quotation marks omitted). Furthermore, pursuant to Pa. R.Crim.P. 704, the trial court "shall state on the record the reasons for the sentence imposed." Pa.R.Crim.P. 704(C)(2).

¶ 11 As stated above, the court revoked Appellant's probation on Criminal Informations 433 of 2002 and 3183 of 2002. A review of the Criminal Information regarding the theft convictions (433 of 2002) shows that on three consecutive days, Appellant placed a fake deposit in a MAC machine and then withdrew funds, absconding with a total sum of approximately $100 to $150, and that four days later Appellant was found with an aluminum pipe containing marijuana residue. Criminal Information, 3/20/02. A review of the Criminal Information regarding the drug convictions (3183 of 2002) shows that they arise from two incidents, one of which involved Appellant delivering two tablets of Oxycodone for $70, and the second of which involved Appellant delivering approximately 36 tablets of Oxycodone for $600. Criminal Information, 1/23/03. Importantly, we note that Appellant's date of birth is April 28, 1983, and therefore, on the dates of the theft related incidents, he was only eighteen years old, and on the date of the drug-related incidents on September 4th and 12th of 2002, Appellant was nineteen years old. Furthermore, at the time the court revoked Appellant's probation, he was twenty-one years old.

¶ 12 While these drug crimes are of a very serious nature, none were violent, and there was no mention of Appellant ever possessing a weapon. Thus, while such conduct on Appellant's part is certainly lamentable, its relative impact on the community was not as great as common drug-related activity involving violence. And the impact of Appellant's theft offenses on the community and the victims was certainly not of such an egregious nature and involved a small amount of money. Perhaps the most compelling consideration for this Court in reviewing Appellant's lengthy sentence of probation is his rehabilitative need. While the sentencing court was clearly concerned with Appellant's recidivism, the court did not address how a 36 year period of probation would contribute to Appellant's rehabilitative needs. *See* Pa.R.Crim.P. 704(C)(2).

¶ 13 Appellant committed all of these crimes as a teenager. After serving his period of incarceration, Appellant will be released from prison sometime in his mid-twenties. A period of probation following Appellant's incarceration will certainly create an incentive for Appellant to refrain from engaging in criminal activity. However, if Appellant leads an upstanding life for five, ten, or even fifteen years after his release from prison, then continued probation after such time would serve a dubious benefit, if any at all, to Appellant's rehabilitative needs. Yet under his current sentence, Appellant would be under the thumb of probation until he is almost sixty years old. We conclude that this sentence is manifestly excessive and constitutes too severe a punishment.

¶ 14 Judgment of sentence vacated in part. Case remanded for re-sentencing.

¶ 15 Judge Tamilia files a dissenting statement.

TAMILIA, J., Dissenting:

¶ 1 I dissent and would affirm on the basis of the Opinion of the Honorable William R. Cunningham.