J-S54008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC GRANT SIMPKINS | |
| Appellant | No. 311 MDA 2014 |

Appeal from the Judgment of Sentence January 17, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001985-2010

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.                **FILED AUGUST 28, 2014**

Eric Grant Simpkins appeals from the judgment of sentence imposed in the Court of Common Pleas of Lancaster County after he was resentenced subsequent to a finding that he had violated the terms of his intermediate punishment program ("IP").  Upon careful review, we affirm.

Simpkins was serving a five-year IP sentence after he plead guilty before the Honorable James P. Cullen to two counts of driving under the influence of alcohol ("DUI")[1] when he was again charged with multiple counts of DUI and related offenses stemming from two separate incidents. Simpkins subsequently pled guilty to the new charges and was sentenced to 1½ to 5 years' incarceration.

---

[1] 75 Pa.C.S.A. § 3802(a)(1) (general impairment) and (c) (highest rate of alcohol).

On November 27, 2013, Judge Cullen held a revocation hearing and determined that Simpkins had violated the terms of his IP due to the new charges as well as a positive test for marijuana. A pre-sentence investigation ("PSI") was ordered and, on January 17, 2014, Judge Cullen resentenced Simpkins to 1½ to 5 years' incarceration. Simpkins' motion for modification of sentence was denied and this timely appeal followed, in which Simpkins challenges the discretionary aspects of his sentence.

Where the discretionary aspects of a sentence are challenged, an appellant is not guaranteed an appeal as of right. Rather, two requirements must be met before we will review such a claim on its merits:

> First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006) (citation omitted).

Here, Simpkins has included in his brief a statement of reasons pursuant to Pa.R.A.P. 2119(f), in which he asserts that the trial court abused its discretion in resentencing by violating the provisions of 42 Pa.C.S.A. § 9771 and failing to take into consideration the non-violent nature of

Simpkins' violations, as well as his "strong need" for dual diagnosis treatment for alcoholism and PTSD. Brief of Appellant, at 10.

Section 9771(c) provides that a court may only impose a sentence of total confinement upon revocation if it finds that:

(1) the defendant has been convicted of another crime;

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Here, Simpkins baldly alleges a violation of section 9771, but does not, in either his Rule 2119 statement or the body of his brief, specify how the court violated the requirements of the section. However, Simpkins concedes that he pled guilty to additional DUI charges while serving his IP sentence. This conviction satisfies section 9771(c)(1) and, accordingly, this claim is patently meritless.

Simpkins also argues that the court failed to consider the non-violent nature of his offenses and his need for dual-diagnosis treatment. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013). Thus, the non-violent nature of Simpkins' crimes can garner him no relief. However, Simpkins' claim that the trial court failed to consider his

need for mental health treatment and substance abuse rehabilitation does raise a substantial question. ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012) (failure to consider relevant sentencing criteria, including protection of public, gravity of underlying offense and rehabilitative needs of appellant as required under 42 Pa.C.S.A § 9721(b), raises substantial question). Accordingly, we may review the merits of this claim.

We begin by noting that Judge Cullen was in possession of, and reviewed, a PSI report. Where a sentencing judge had the benefit of a PSI report, it is presumed that he was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988).

Moreover, the sentencing transcript reveals that Judge Cullen thoroughly explained, on the record, all the factors he considered in arriving at Simpkins' sentence. In particular, Judge Cullen addressed Simpkins' alcohol dependence and PTSD diagnosis as follows:

> I understand the circumstances of your parents' death when you were ten years old. . . . You began using alcohol when you were 13. Apparently your aunt and uncle drank at home. . . . [Y]ou were allowed to drink as well as long as you stayed home. You were drinking daily at the time of your incarceration at Lancaster County Prison. You began using marijuana at 17. You've also had brief exposure to cocaine. You were in a drug and alcohol program in 2000 and at the Lancaster Freedom Center in 2010 which you completed. . . . I also reviewed the psychiatric evaluation which was done in December 2013. That diagnoses you with major depressive disorder, post-traumatic stress disorder and chronic alcohol dependence. There are treatment

recommendations that are included[.] . . . I've considered your rehabilitative needs. I'm aware of your situation with your family members. I'm aware of the alcohol problems from which you suffer and your mental health condition; however, that does not justify your putting other members of the community at risk. This is a repeated course of conduct over an extended period of time. You have had ample opportunity to get the help you need and for whatever reason, you have not done it.

N.T. Resentencing, 1/17/14, at 12-16.

Not only did Judge Cullen consider Simpkins' addiction and diagnoses in crafting his sentence, he also specifically referenced the treatment options available in the State Correctional System and strongly urged Simpkins to take advantage of the available programming. *Id.* at 16-18.

Based on the foregoing, Simpkins' claim that the sentencing court did not consider his rehabilitative needs in fashioning his sentence is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014

- 5 -