J. S71042/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                              :         PENNSYLVANIA
               Appellee     :
                              :
           v.            :
                              :
                              :
MATTHEW JOHN LAZOVI,          :
                              :
           Appellant    :     No. 1064 MDA 2014

Appeal from the Judgment of Sentence June 16, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division No(s).: CP-54-CR-0001222-2008

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED DECEMBER 12, 2014**

     Appellant, Matthew John Lazovi, appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas following the revocation of his probation. He challenges the trial court's reasoning for imposing the revocation sentence. We affirm.

     We adopt the facts set forth by the trial court's opinion. *See* Trial Ct. Op., 7/22/14, at 1-2. We note that on May 21, 2009, Appellant entered a negotiated guilty plea to, *inter alia*, two counts of statutory sexual assault and was sentenced to two to four years' imprisonment followed by five years' probation. *Id.* at 1. On June 16, 2014, Appellant stipulated to

---

[*] Former Justice specially assigned to the Superior Court.

violating his probation for, *inter alia*, marijuana use and failure to complete sex offender treatment. ***Id.*** at 2. On June 16, 2014, the court imposed a revocation sentence of six months to five years' imprisonment and two years' probation.

Appellant timely appealed. On June 25, 2014, the court ordered Appellant to comply with Pa.R.A.P. 1925(b) within twenty-one days, which was July 16, 2014. Appellant filed an untimely Rule 1925(b) statement on Friday, July 18, 2014,[1] raising the following issue: "At [Appellant's] probation violation hearing, the sentencing court abused its discretion by resentencing [Appellant] to a state prison sentence instead of affording him the opportunity to attend an inpatient mental health rehabilitation center." Appellant's Pa.R.A.P. 1925(b) Statement, 7/18/14.

In his appellate brief, Appellant raises the following issue: "Whether the sentence imposed was excessive to the degree that it amounted to an abuse of discretion?" Appellant's Brief at 4. In support of his issue, Appellant argues that the court should have imposed a county sentence. ***Id.*** at 9. He maintains the sentence does not adequately address his rehabilitative needs. Appellant notes his "desire to spend time in a state

---

[1] We decline to find waiver, however. ***See*** Pa.R.A.P. 1925(c)(3); ***Commonwealth v. Britt***, 83 A.3d 198, 203 (Pa. Super. 2013) (holding untimely filing of Rule 1925(b) statement by counsel is *per se* ineffective assistance of counsel).

mental hospital" and claims the court made no effort to place him in a hospital. *Id.* at 10. We hold Appellant is not entitled to relief.

"[T]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." *Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005) (citation omitted). "[I]t is now accepted that it is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

> [T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated:
>
> > A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.
>
> Furthermore, when the basis for revocation arises from the advent of intervening criminal conduct, a VOP hearing may be held prior to any trial arising from such criminal conduct.

*Infante*, 888 A.2d at 791 (citations omitted).

> To be reviewed on the merits, a challenge to the discretionary aspects of sentence must raise a substantial question that the sentence imposed is not appropriate. A substantial question is raised when the appellant advances

a "colorable argument" that the sentence was either "inconsistent with a specific provision of the Sentencing Code" or "contrary to the fundamental norms which underlie the sentencing process." This Court determines whether an appellant has raised a substantial question by examination of the appellant's concise statement of the reasons relied upon for allowance of appeal, which must be included in the appellant's brief, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). If a Rule 2119(f) statement is not included in the appellant's brief and the appellee objects to the omission, then this Court is precluded from reviewing the merits of the appellant's claim.

*Commonwealth v. Faulk*, 928 A.2d 1061, 1071-72 (Pa. Super. 2007)

(citations omitted).

[T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.*, the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range.).

*Commonwealth v. Googins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

Instantly, Appellant's Rule 2119(f) statement complies with *Googins*, *supra*, and his claim that his sentence violates one of the fundamental norms underlying the sentencing process raises a substantial question. *See Faulk*, 928 A.2d at 1071-72. Accordingly, we address the merits. After careful review of the record, the parties' briefs, and the opinion of the

Honorable John E. Domalakes, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 1-3 (holding Appellant's probation violations and failure to complete sex offender treatment justified sentence). We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : NO. 1222 – 2008

v. :

MATTHEW LAZOVI :

District Attorney – for the Commonwealth
Public Defender – for the Defendant

OPINION AND ORDER PURSUANT TO PA.R.A.P. 1925

DOMALAKES, J.

AND NOW, this 22nd day of July, 2014, it is hereby ORDERED that the Clerk of

Courts of Schuylkill County transmit the record papers of the within proceeding, together

with the Opinion of this Court to the Pennsylvania Superior Court.

BY THE COURT,

_____, J.

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : NO. 1222 – 2008

v.

MATTHEW LAZOVI :

District Attorney – for the Commonwealth
Public Defender – for the Defendant

OPINION PURSUANT TO PA.R.A.P. 1925

DOMALAKES, J.

Defendant has appealed a resentence imposed upon him after his probation was revoked. In his Statement of Matters Complained of on Appeal, he alleges that the sentencing court abused its discretion by resentencing the Defendant to a state prison sentence instead of affording him an opportunity to attend an inpatient mental health rehabilitation center.

The Defendant pled guilty and was sentenced via a negotiated plea on May 21, 2009. His offenses were sexual in nature. He was sentenced to two (2) to four (4) years on two (2) Statutory Sexual Assault counts. The victims were minor females who were twelve (12) and fourteen (14) years of age respectively. The Defendant was twenty (20) years of age and, therefore, more than four (4) years older than the victims. Those sentences had expired. He was also sentenced to five (5) additional years of probation, consecutive to the prison sentence, on Corruption of Minors and Indecent Assault counts. On June 16, 2014, while on probation, he stipulated to violating the conditions of his probation. His probation was revoked, and he was resentenced upon

recommendation of the State Parole Officer to a period of incarceration of not less than six (6) months nor more than five (5) years in a state correctional institution on each of three counts, concurrent with each other, and two (2) years re-probation one two (2) other Indecent Assault counts, concurrent with the prison sentence. He was also ordered to undergo a mental health and drug and alcohol evaluations with follow-up treatment as recommended.

All of the Defendant's resentencings were within statutory limits. The Defendant does not allege that the resentencings were illegal.

When a defendant is resentenced after a probation revocation, the sentencing guidelines are inapplicable. See 204 Pa. Code §303.1(b).

The Defendant's probation violations include marijuana use and diluting a urine sample. He also did not have an appropriate address, as his father had moved and would not allow Defendant to reside with him. His state parole officer also established that Defendant was unsuccessfully discharged from sex offender treatment at Psychological Associates because he did not attend the required amount of sessions. Alternative treatment programs were provided, and he was unsuccessfully discharged from drug and alcohol treatment, also for non-attendance (see p. 9 of transcript of 6/16/14). It is noted that Defendant's sexual offenses involve twelve (12) and fourteen (14) year old females. It is also noted that, in resentencing the Defendant, the Court ordered that he undergo both mental health and drug and alcohol evaluations with follow-up treatment. Under the circumstances the Court believes that its re-sentencing was appropriate.

2

The Court may revoke an order of probation upon proof of the violation of specific conditions of probation. Upon revocation, the sentencing alternatives available to the Court shall be the same as were available at the time of the initial sentencing with due consideration being given to the time spent serving the order of probation. A sentence of total confinement upon revocation is applicable when the conduct of the Defendant indicates that it is likely that he will commit another crime if he is not in prison or where such a sentence is essential to vindicate the authority of the Court. 42 Pa. C.S.A. §9771. The Defendant's illegal drug use and deceptive behavior in attempting to dilute his urine sample suggest that a sentence of total confinement upon revocation was appropriate. Moreover, Department of Corrections officials will make certain that he receives the evaluations and treatment ordered by the Court.

3