J-S18043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIZ MANUEL VELEZ-DIAZ, | : | |
| | : | |
| Appellant | : | No. 1365 MDA 2015 |

Appeal from the Judgment of Sentence July 10, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0000182-2012
CP-36-CR-0002856-2014

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 15, 2016**

Luiz Manuel Velez-Diaz (Appellant) appeals from the judgment of sentence entered following the revocation of his probation.  We affirm.

The probation violation court summarized the underlying background of this case as follows.

> On April 20, 2015, [Appellant] appeared before the [c]ourt on information number 2856-2014 for a trial on one count of criminal trespass, a felony of the second degree. On April 21, 2015, following a two day trial, a jury found Appellant guilty of criminal trespass. The [c]ourt entered an order directing that a Pre-Sentence Investigation ("PSI") report be completed prior to the imposition of sentence.
>
> On July 10, 2015, upon completion of the PSI report, Appellant appeared before the court for sentencing on the criminal trespass conviction [at information number 2856-2014], as well as sentencing on a parole and probation violation on information number 0182-2012. [Appellant had previously stipulated to the probation violation at criminal information 0182-2012, and his sentencing for that violation was deferred

*Retired Senior Judge assigned to the Superior Court.

until after disposition of criminal information 2856-2014]. On information number 2856-2014, [] Appellant was sentenced to not less than 16 months nor more than five years in [a] state correctional institution ("SCI"). On count one of information number 0182-2012, criminal trespass (F2), Appellant's split sentence was revoked, his parole was immediately terminated, and he was sentenced to not less than 16 months nor more than three years in [an] SCI for the probation violation. On count two of information number 0182-2012, simple assault (M2), Appellant was sentenced to serve the unexpired balance of his original sentence. The sentences on both counts were made concurrent to each other, but were made consecutive to the sentence on the new criminal trespass charge. The aggregate sentence imposed was 32 months to eight years in [an] SCI. Appellant was ineligible for the Recidivism Risk Reduction Incentive program ("RRRI"), but he received credit for time served on the criminal trespass sentence.

Probation Violation Court Opinion, 9/18/2015, at 1-2 (unnecessary capitalization and footnote omitted).

On July 17, 2015, Appellant filed a post-sentence motion, which was denied by the probation violation court on July 31, 2015. This timely appeal followed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant asks this Court to consider whether the violation court abused its discretion by imposing a sentence that is manifestly excessive and unreasonable. Appellant's Brief at 8. It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

The record reflects that Appellant timely filed a notice of appeal and that Appellant preserved this issue by including it in his motion for reconsideration of his sentence. Moreover, Appellant has included in his brief a statement pursuant to Pa.R.A.P. 2119(f). We now turn to whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin,* 65 A.3d at 935 (citation and quotation marks omitted).

In his 2119(f) statement, Appellant makes a bald assertion that his aggregate sentence is excessive and inappropriate under the Sentencing

Code. Appellant's Brief at 9-10. He fails to specify which particular provision of the Code was violated or which aspect of his sentence was contrary to the fundamental norms underlying the sentencing scheme. *Id.* It is well-settled that bald claims of excessiveness based on the consecutive nature of sentences do not present a substantial question. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). Further, our Supreme Court has held that

> only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002). Accordingly, because Appellant has failed to raise a substantial question, he is not entitled to relief.

Judgment of sentence affirmed.

Judge Lazarus joined.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary
Date: 4/15/2016

- 4 -