**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RALPH MICHAEL LUCHETTA | |
| Appellant | No. 70 MDA 2016 |

Appeal from the Judgment of Sentence December 14, 2015
in the Court of Common Pleas of Schuylkill County Criminal Division
at No(s):CP-54-CR-0000645-2014

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 27, 2016**

Appellant, Ralph Michael Luchetta, appeals from the judgment of sentence entered in Schuylkill County Court of Common Pleas following the trial court's revocation of his probation/parole. He challenges the discretionary aspects of his revocation of probation sentence. We affirm.

The trial court summarized the facts and procedural posture of this case as follows:

> [Appellant] has appealed an Order of Court dated December 14, 2015 entered after a Revocation Hearing at which [Appellant] stipulated to violating the terms and conditions of his Re-Probation/Parole. He was Re-Sentenced on the Re-Probation sentence to a period of incarceration of 18½ months to 37 months at a SCI, consecutive to his Parole sentence of 11½ months to 23 months. Thus, the cumulative sentence is 2½ to 5 years.

---

[*] Former Justice specially assigned to the Superior Court.

He was given 645 days credit for time served. This was his second revocation.

[Appellant] was originally sentenced on November 12, 2014 to a period of 11½ months to 23 months, followed by a five (5) years' Probation on a charge of Aggravated Assault. The assault involved his sister. He stabbed her in her left thoracic area. He pled Guilty to one (1) count of Aggravated Assault on November 12, 2014 pursuant to a Negotiated Plea Agreement. All other counts were *nol prossed*. [Appellant's] sentence included a Mental Health/Mental Retardation evaluation and follow-up treatment.

On January 17, 2015, [Appellant] was paroled on his Parole sentence. On June 15, 2015, his Probation/Parole was revoked for violation thereof at a Revocation Hearing, because [Appellant] violated the conditions thereof by possessing dangerous weapons and not having an appropriate residence. After revocation of his Parole sentence, his new maximum date was February 6, 2016. He was Re-Probated to a five (5) year term on his Probation sentence. [Appellant] was Re-Paroled effective October 27, 2015 to a Rehabilitation facility. He didn't complete his treatment and left the facility in violation of the terms of his Probation/Parole. He had left the treatment facility after only one (1) day. The Commonwealth then filed a Motion to Revoke his Re-Parole/Re-Probation at which the above mentioned history was established at the Revocation Hearing on December 14, 2015.

At the Re-Probation/Parole Hearing, Robert Houston, Schuylkill County Adult Probation Officer testified. [Appellant] had to be handcuffed during the proceeding. Mr. Houston testified that [Appellant] had mental health problems that could be addressed at SCI Waymart. The Schuylkill County Adult Probation Office had no other options given [Appellant's] lack of cooperation in receiving mental health treatment. [Appellant] also testified. His demeanor was angry and hostile. He was critical of Mr. Houston. Mr. Houston was clearly frustrated by [Appellant's] refusal to cooperate with his mental health treatment. [Appellant] admitted he has mental health

issues, but presented the Court with no viable alternative to a State Sentence where he would receive appropriate treatment. So the Re-Re-Sentence was ultimately imposed.

Trial Ct. Op., 1/20/16, at 1-2 (citation omitted). This timely appeal followed.[1]

Appellant raises the following issue for our review: "Whether the sentence imposed was excessive to the degree that it amounted to an abuse of discretion?" Appellant's Brief at 4. Appellant's Brief contains a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal. *Id.* at 7. Appellant contends in the 2119(f) statement that "[t]he lengthy sentence imposed by the [t]rial [c]ourt goes against the rehabilitative nature of the Sentencing Code, as Appellant was denied the opportunity to participate in supervision at the county level." *Id.* at 7.

"[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006). This Court has stated,

> discretionary aspects of [an appellant's] sentence [ ] are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal,

---

[1] We note Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

- 3 -

> *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted). "This Court determines whether an appellant has raised a substantial question by examination of the appellant's concise statement of the reasons relied upon for allowance of appeal[.]" *Commonwealth v. Faulk*, 928 A.2d 1061, 1072 (Pa. Super. 2007).

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.*, the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range).

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

In *Commonwealth v. Haynes*, 125 A.3d 800 (Pa. Super. 2015), *appeal denied*, 140 A.3d 12 (Pa. 2016), the appellant

> [i]n his Pa.R.A.P. 2119(f) statement, [the appellant] argues first that the trial court failed to consider his mental health issues and rehabilitative needs. However, this Court has held on numerous occasions that a claim of inadequate consideration of such factors does not raise a

- 4 -

substantial question for our review. We point out that [the appellant] does not allege that the trial court was unaware of his mental health issues or his rehabilitative needs.

*Id.* at 807 (citations omitted).

As a prefatory matter, we consider whether Appellant has preserved the issue of the discretionary aspect of his sentence. In *Commonwealth v. Kalichak*, 943 A.2d 285 (Pa. Super. 2008), this Court held that

issues not preserved in the lower court may not be raised on appeal. Pa.R.A.P. 302(a). For example, when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion. *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006); Pa.R.Crim.P. 708(D).

*Id.* at 289.

In the case *sub judice*, Appellant did not preserve the issue in the trial court. He did not object during the revocation sentencing or file a post-sentence motion. *See id.* However, at the time of sentencing, the trial court did not comply with Pennsylvania Rule of Criminal Procedure 708, which provides in pertinent part:

(3) The judge shall advise the defendant on the record:

(a) of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]

Pa.R.Crim.P. 708(D)(3)(a).

- 5 -

Instantly, the court did not advise Appellant of the right to file a motion to modify sentence. *See id.* Therefore, we decline to find waiver for failure to preserve the issue in the trial court.

We examine Appellant's Rule 2119(f) statement to determine whether Appellant has raised a substantial question that the sentence appealed from is not appropriate. *See Leatherby*, 116 A.3d at 83; *Faulk*, 928 A.2d at 1072. The 2119(f) statement does not advance an argument that the sentence was inconsistent with a specific provision of the Sentencing Code or that it was contrary to the fundamental norms which underlie the sentencing process. *See id.* The claim that the court's sentence did not take into consideration his mental health and rehabilitative needs does not raise a substantial question. *See Haynes*, 125 A.3d at 807. Furthermore, Appellant does not claim the court was unaware of his mental health issues or rehabilitative needs. *See id.* Appellant's claim does not raise a substantial question for our review. *See id.*; *Leatherby*, 116 A.3d at 83; *Goggins*, 748 A.2d at 727. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary
Date: 9/27/2016

- 6 -