J-S19041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WALTER POTOK | : | |
| | : | |
| Appellant | : | No. 2186 EDA 2017 |

Appeal from the PCRA Order June 23, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0003017-2007

BEFORE: SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.: **FILED JUNE 05, 2018**

Appellant, Walter Potok, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the following facts and procedural background from the PCRA court's August 18, 2017 opinion and our independent review of the record. On October 1, 2007, Appellant pleaded guilty pursuant to a negotiated plea to one count of receiving stolen property, a third degree felony.[1] The charge related to Appellant's unauthorized entry into a neighbor's home and his theft of her computer and jewelry. Pursuant to the plea, the trial court sentenced him to a term of not less than eleven and one-half nor more than twenty-

_____

[1] 18 Pa.C.S.A. § 3925(a).

_____

* Retired Senior Judge assigned to the Superior Court.

three months' imprisonment, followed by three years of probation. The court further ordered Appellant to participate in drug and alcohol counseling and to seek employment. Appellant was immediately paroled to work release.

On May 30, 2008, at Appellant's request, the court amended his sentence, and placed him on house arrest. On September 3, 2008, the court issued a bench warrant for Appellant's failure to appear. On November 24, 2009, after another violation, the court terminated parole, revoked probation, and imposed a sentence of not less than eleven and one-half nor more than twenty-three months' incarceration, plus five years of probation. On May 26, 2010, the court paroled Appellant to an inpatient drug facility. Appellant again violated the conditions of his probation, and, on November 30, 2010, after hearing argument from counsel and giving Appellant the opportunity for allocution, the court terminated parole, revoked probation, and sentenced him to a term of not less than two nor more than six years' imprisonment, followed by six years of probation. The trial court also deemed him RRRI eligible after eighteen months. (*See* N.T. Hearing, 11/30/10, at 24).

On November 28, 2011, Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition on July 21, 2016. The Commonwealth filed a motion to dismiss the petition on January 26, 2017. On March 7, 2017 and May 3, 2017, the court provided Appellant with notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P.

907(1). On June 23, 2017, the PCRA court dismissed Appellant's petition.

Appellant timely appealed.[2]

Appellant raises two issues for our review.

I. Whether the court erred in not granting relief on the PCRA petition alleging [violation of probation (VOP)] counsel was ineffective[?]

II. Whether the [c]ourt erred in denying the Appellant's PCRA petition without an evidentiary hearing[?]

(Appellant's Brief, at 8) (issues renumbered for ease of disposition).

Our standard of review of an order denying a PCRA petition is limited to an examination whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record.

*Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa. Super. 2018) (citation omitted).

In his first issue, Appellant claims that VOP counsel was ineffective because he failed to challenge his "unreasonable and excessive sentence" or to object to the court's decision not to request a presentence investigation report (PSI). (Appellant's Brief, at 17; *see id.* at 18). Appellant's issue lacks merit.

The law presumes counsel has rendered effective assistance, and the burden of demonstrating ineffectiveness rests with an appellant. To satisfy this burden, an appellant must plead and

_____

[2] On August 1, 2017, Appellant filed a timely court-ordered statement of errors complained of on appeal. The court filed an opinion on August 18, 2017. *See* Pa.R.A.P. 1925.

prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

***Holt***, ***supra*** at 1018 (citations and quotation marks omitted). Importantly, "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted).

Here, Appellant argues first that counsel was ineffective for failing to challenge his "unreasonable and excessive sentence[.]" (Appellant's Brief, at 17). This argument does not merit relief.

"[S]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion[.]" ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006), *appeal denied*, 906 A.2d 1196 (Pa. 2006) (citation omitted).

Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

***Commonwealth v. Edwards***, 71 A.3d 323, 327 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9771(c).

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.[A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Ferguson*, *supra* at 739 (citation omitted). "Furthermore, pursuant to Pa.R.Crim.P. 704, the trial court 'shall state on the record the reasons for the sentence imposed.' Pa.R.Crim.P. 704(C)(2)." *Id.* at 740. "However, Sentencing Guidelines do not apply to sentences imposed following a revocation of probation." *Id.* at 739 (citation omitted).

Here, at sentencing, the trial court stated that it considered "the gravity of [the] offense, the impact upon the community, [the] need to protect the community, [and Appellant's] rehabilitative needs." (N.T. Hearing, at 21). It noted that this was Appellant's fourth probation revocation, that he has "demons," and that "more structure is needed." (*Id.* at 22; *see id.* at 17, 21). Finally, the court recognized that "[it is] important that the state has sufficient time to give [Appellant] the treatment that [he] need[s] to have." (*Id.* at 23).

Based on the foregoing, the trial court properly considered all sentencing factors and stated its reasons for imposing Appellant's sentence on the record before imposing Appellant's sentence of total confinement. *See Edwards*, *supra* at 327; *Ferguson*, *supra* at 739-40. Hence, the PCRA court properly found counsel was not ineffective for failing to raise a meritless challenge to

- 5 -

Appellant's sentence. **See Spotz**, **supra** at 1210; **Holt**, **supra** at 1017. Appellant's first argument alleging counsel's ineffective representation lacks merit.

Appellant next argues that counsel was ineffective for not objecting to the absence of a PSI because this "tends to point to the conclusion that [the court] did not sufficiently consider all factors relevant to the Appellant's case at sentencing." (Appellant's Brief, at 18). This argument does not merit relief.

"The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a pre-sentence investigation (PSI) as an aid in imposing an individualized sentence." **Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa. Super. 2013); **see also** Pa.R.Crim.P. 702.

> The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background. . . .

**Carrillo-Diaz**, **supra** at 725-26 (citation omitted).

In this case, the trial court presided over Appellant's guilty plea, initial sentencing, and previous violation of probation hearings. It noted the circumstances of his violations, heard argument from counsel, considered the probation department's recommendation and Appellant's personal issues, and gave him the opportunity for allocution. (**See** N.T. Hearing, at 20-24). Therefore, the sentencing court had "sufficient information to enable [it] to

- 6 -

make a determination of the circumstances of the offense and the character of [Appellant]." ***Carrillo-Diaz***, *supra* at 725 (citation omitted). Hence, the PCRA court properly found that counsel was not ineffective for failing to challenge the lack of a PSI. ***See Spotz***, *supra* at 1210; ***Holt***, *supra* at 1017. Appellant's first issue, alleging the ineffectiveness of VOP counsel, lacks merit.

In his second issue, Appellant argues that the PCRA court abused its discretion in denying his petition without a hearing. (***See*** Appellant's Brief, at 15-16). This issue lacks merit.

> A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact. [***See***] Pa.R.Crim.P. 909(B)(2)[.] A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion. . . .

***Commonwealth v. Keaton***, 45 A.3d 1050, 1094 (Pa. 2012) (case citation omitted).

In this case, Appellant's petition failed to raise any genuine issue of material fact. ***See id.*** Therefore, the PCRA court did not abuse its discretion in denying Appellant's petition without a hearing, and his second issue lacks merit. ***See id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/18