J-S78016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AKEEM JOHNSON | : | |
| | : | |
| Appellant | : | No. 2880 EDA 2016 |

Appeal from the Judgment of Sentence August 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0013675-2015

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MARCH 25, 2019**

Akeem Johnson was found in violation of probation and sentenced to prison. He challenges discretionary aspects of his revocation sentence. We affirm.

Johnson was charged with numerous crimes in relation to his sexual contact with his then-four-year-old cousin. Johnson entered a negotiated guilty plea in October 2015 to one count of corruption of minors. Pursuant to the plea agreement, the court sentenced him to five years of probation and placed him under the supervision of the substance abuse unit. The conditions of his probation included his undergoing substance abuse and psychosexual evaluations, and complying with any treatment recommendations resulting from those evaluations.

Johnson was then found in violation of his probation three times. The first time, in January 2016, the court found him in violation of the conditions

_____
* Former Justice specially assigned to the Superior Court.

of his probation and re-imposed the five-year probation sentence. However, the court directed that he be placed under the supervision of the sex offender unit, required him to meet all conditions of a sex offender treatment program, and ordered him to have "no unsupervised contact with minors." Order, Violation of Probation, 1/27/16.

The second time, Johnson's lawyer said that the probation department had learned that Johnson was living with his mother, who would baby-sit children in her home. Counsel asserted that since being detained for the violation, Johnson had found another place to live. The court again found him in technical violation, revoked his probation, and sentenced him to a new five-year term of probation, with the same conditions as before. Order, Violation of Probation, 2/29/16.

The third time, which is the source of this appeal, Johnson's probation officer testified[1] that when he first met with Johnson, they went over the sex offender unit rules, which prohibited Johnson from participating in social media. The probation officer said Johnson admitted he had a Facebook account, which the probation officer then deleted, and Johnson claimed he had no other social media accounts. The probation officer then searched Johnson's cell phone and found text messages in which Johnson bragged that he had created social media accounts under false names so that the probation officer

---

[1] The Notes of Testimony from the August 4, 2016 hearing are incorrectly captioned as being from August 4, 2015. The error in the year is evident from the judge's on-the-record references to events in January and February 2016.

would not find them. The officer nonetheless found and deleted Johnson's WhatsApp and Snapchat accounts. The officer also discovered numerous nude photos of Johnson's sister, including one of her engaged in a sex act. He also found numerous pictures of children, including pictures of Johnson with children, photos of a nude female child, and an image of an infant in which her genitals were visible.

The probation officer said that Johnson failed to attend a sex offender treatment session and failed to appear at a scheduled office visit with the probation officer. Johnson also violated program rules by leaving the jurisdiction without approval on two occasions, once to get a haircut in Darby, Delaware County, and once to go to Ventnor, NJ.

The probation officer searched Johnson's phone again in July 2016, and found another image of Johnson's sister in the nude that Johnson had downloaded from Instagram and sent by text message to another person. The officer then found numerous other pictures of minor children and photos of naked women. He also discovered that Johnson had opened a Vimeo account, as well as text messages between Johnson and his sister evidencing that Johnson had been accessing Instagram. The probation officer said that later searches of Johnson's cell phone turned up a screen shot of an Instagram account, which demonstrated that Johnson had accessed that application. He also found sexualized images of women and children. The officer additionally testified that Johnson had tested positive for marijuana and never provided verification that he had enrolled in drug treatment.

Johnson presented his sister's testimony. She confirmed that the nude photos were of her and said that the children in the photos included her daughter and her young cousin. However, she claimed that the phone had previously been hers and she had "downloaded everything on there." N.T., 8/4/16, at 18.

The court revoked Johnson's probation and sentenced him to two to four years in prison followed by one year of probation. The court pointed out that this was Johnson's third violation, and characterized Johnson's behavior as "escalating." *Id.* at 23. The court stated that whether Johnson or his sister put the photographs on the phone, at the very least Johnson knew they were on the phone and left them there. The court also pointed out that Johnson had gone out of state without permission, failed a drug test, never attended drug treatment, and lied to the probation officer. Acknowledging that the violation was technical, the judge said he was imposing the two-to-four-year prison sentence, followed by one year of probation, "because you have not abided by my probation." *Id.* at 27. Defense counsel voiced a request for a lesser, in-county sentence, but the judge rejected it: "No. He is getting what I just gave him, and he will be in sex offender treatment in a state correctional institution. That's what I want him to have. He is dangerous. He does not fulfill the promise of wanting rehabilitation. He just keeps breaking the rules." *Id.* at 28-29.

Johnson moved for reconsideration, arguing the sentence exceeded what was necessary to protect the public, foster his rehabilitation, or vindicate

the court's authority. The court denied the motion and Johnson filed this appeal. The court did not issue a Pa.R.A.P. 1925(b) order. Johnson's brief presents a single question:

> Did not the trial court err and abuse its discretion by imposing a sentence which is manifestly excessive, and which violates Section 9771 and 9721 of the Sentencing Code as a sentence of total confinement for technical violations of probation, because it considered improper sentencing factors, is unreasonable and not necessary to vindicate the authority of the court, and failed to consider the least restrictive alternatives, the needs of the Appellant and the possible harm to the community?

Johnson's Br. at 3.

Johnson contends that in fashioning his sentence, the lower court relied on his accessing social media, in violation of the First Amendment, and based the sentence on a recitation of underlying facts not of record. He also makes a three-pronged attack on the court's imposition of a prison sentence. He argues that because the court found him in mere "technical" violation of probation, and he was not convicted of a new crime, there is no evidence that he is likely to commit another crime if the court did not imprison him. He further argues that total confinement was unwarranted to vindicate the court's authority.

Johnson acknowledges that he is challenging discretionary aspects of his sentence. *See id.* at 2. Our standard of review is therefore abuse of discretion, and our scope of review is plenary. ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

There is no right in Pennsylvania to appellate review of discretionary aspects of a sentence. Rather, to obtain such review, an appellant must include in its appellate brief a statement demonstrating a substantial question that the sentence was inappropriate under the Sentencing Code. *See* 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). We thus ask four questions before considering the merits of such a challenge: 1. Was the appeal timely? 2. Did the appellant preserve the issue below? 3. Does the appellant's brief include a Pa.R.A.P. 2119(f) statement petitioning for allowance of appeal? 4. Did the appellant demonstrate a substantial question? *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010).

Here, the appeal was timely,[2] and Johnson's brief includes a Rule 2119(f) statement. However, he did not preserve all of his issues below. Although his motion for reconsideration argued that the social media ban would make his life "difficult," he did not raise his First Amendment argument in the lower court. *See* Johnson's Br., Ex. A, at 2. Nor did his motion contend that the court relied on facts outside the record in imposing sentence, and he did not raise any objection on either of these bases during the violation hearing. Those issues are therefore waived. *See* Pa.R.A.P. 302(a). His remaining issues – his arguments that the evidence did not demonstrate that he was likely to reoffend if the court did not imprison him, and that a prison

---

[2] The 30th day after the court entered the sentencing order was Saturday, September 3, 2016, and the following Monday, September 5, 2016, was Labor Day. His September 6, 2016 appeal was thus timely. *See* Pa.R.C.P. 106(b); *D.K. v. S.P.K.*, 102 A.3d 467, 470 n.1 (Pa.Super. 2014).

sentence was not necessary to vindicate the court's authority – are properly before us and present a substantial question. *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa.Super. 2006). However, they do not merit relief.

A court revoking probation may not impose a sentence of total confinement unless it finds at least one of the following: (1) the defendant has been convicted of another crime; (2) the defendant's conduct indicates that it is likely the defendant will commit another crime if not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S.A. § 9771(c).

We perceive no abuse of discretion here. At the very least, Johnson's commission of what the lower court termed "serial and serious violations" justified the imposition of a prison sentence, as necessary to vindicate the court's authority. *See* Trial Court Opinion, filed Oct. 13, 2017, at 6. The court has repeatedly found him in violation of probation, and this time, it cited at least five different ways in which Johnson violated the terms of his probation. *Id.* We also see no abuse of discretion in the lower court's conclusion that Johnson's behavior was "escalating," such that he was likely to reoffend if the court did not imprison him. The lower court did not abuse its discretion in sentencing Johnson to prison.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/25/19