J-S62034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN ANTHONY CLARKE, | : | |
| | : | |
| Appellant | : | No. 460 MDA 2017 |

Appeal from the Judgment of Sentence February 13, 2017
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0002521-2014

BEFORE:    STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 23, 2017**

Kevin Anthony Clarke (Appellant) appeals from his February 13, 2017 judgment of sentence to an aggregate one to three years' imprisonment following the revocation of his probation.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On September 30, 2014, Appellant pled guilty to criminal trespass and terroristic threats and was sentenced to less than two years of incarceration followed by seven years' probation.

Once paroled from his sentence of incarceration, Appellant violated the terms of his probation because of a new arrest at

---

*Retired Senior Judge assigned to the Superior Court.

CP-06-CR-0003249-2014. At the **Gagnon II**[1] hearing, Appellant admitted the violations and proceeded informally. Following the recommendations of the Commonwealth, [] Appellant was resentenced to not less than one (1) nor more than three (3) years' incarceration at the Bureau of Corrections. Concurrent to this sentence, [for count three, terroristic threats], Appellant was resentenced to not less than one (1) nor more than three (3) years' incarceration at the Bureau of Corrections.

Following sentencing, a timely post sentence motion was filed. [The trial court] denied the motion on February 27, 2017. Appellant then filed an appeal on March 13, 2017. Subsequently, Appellant filed a concise statement of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

Trial Court Opinion, 5/23/2017, at 1 (citation omitted).

In this Court, counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review.

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Further, our Supreme Court has specified the following

requirements for the *Anders* brief:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

*Anders* brief, we conclude that counsel has substantially complied with the

technical requirements set forth above.[2] Thus, we now have the

responsibility "'to make a full examination of the proceedings and make an

independent judgment to decide whether the appeal is in fact wholly

frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super.

2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

---

[2] Appellant has not filed a response to counsel's petition to withdraw.

In his **Anders** brief, counsel states the following question for this Court's review:

Whether Appellant's sentence of 1 to 3 years in a state correctional institution on two counts (concurrent) was manifestly excessive, clearly unreasonable, and contrary to the fundamental norms underlying the Sentencing Code, where the court imposed a sentence that failed to fully account for Appellant's remorse and the nature of the probation violation?

**Anders** Brief at 9.

We consider this question mindful of the following. It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006)

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the

time of the probationary sentence. However, 42 Pa.C.S.[] § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist[s]:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

**_Commonwealth v. Colon_**, 102 A.3d at 1033, 1044 (Pa. Super. 2014)

(citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, **_see_** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **_see_** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

- 5 -

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence, and the ***Anders*** brief contains a statement pursuant to Pa.R.A.P. 2119(f). We thus consider whether there is a substantial question that Appellant's sentence is inappropriate.

Appellant contends

that the [trial] court failed to state reasons [for imposing Appellant's sentence that] comport with the requirements under 42 Pa.C.S. § 9721(b). The [trial] court failed to follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the [Appellant], thereby creating a sentence that offends the fundamental norms underlying sentencing. The [trial] court's failure to give these factors their proper weight in deciding Appellant's sentence raises a substantial question as to the appropriateness of the sentence under the Sentencing Code.

***Anders*** Brief at 17. With respect to Appellant's latter argument, Appellant claims that the court did not "consider the requisite factors under 42 PA.C.S.[ ] § 9721(b), particularly the rehabilitative needs of Appellant[,]" noting that he had expressed remorse and sought to stay out of jail to maintain his employment and be there for his children. Appellant's Brief at 19. Appellant also argues that the trial court did not "fully consider" the applicable sentencing factors. Appellant is essentially requesting this Court

to reweigh the factors in his favor, averring the trial court failed to give "these factors proper weight." *Id.* at 17. Such a claim does not raise a substantial question for our review. "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

Moreover, in this case, the trial court had the benefit of a presentence investigation report and thus is presumed to have considered all relevant information. *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004). Additionally, the trial court had the opportunity to listen to Appellant's allocution, on the record, at the time of sentencing. N.T., 2/13/2017, at 4.

Furthermore, the trial court did state reasons on the record for sentencing Appellant to a term of total incarceration.[3]

> The thing that is most troubling about this matter is in a very short period of time after you are convicted at this docket you did basically the exact same thing and were sentenced by Judge Barrett for the same thing, terroristic threats. … And you know, [Appellant], I believe in giving somebody a break and giving somebody a second chance but your sheet goes back here [seven] years. I mean you've got plenty of time and you got a

---

[3] Under 42 Pa.C.S. § 9711(c), as cited *supra*, there are limitations on a sentence of total confinement after the revocation of probation. A trial court may impose a term of incarceration if it determines, *inter alia*, that a defendant has been convicted of another crime. *See* 42 Pa.C.S. § 9711(c)(1). Here, Appellant admitted that he had been convicted of another crime, prompting the revocation of his probation. *See* N.T., 2/13/2017, at 2 (indicating that, when asked if Appellant acknowledged that he was in violation of his probation because of a new arrest and conviction, Appellant answered "yes.").

- 7 -

real mix of cases here[,] sexual assault, delivery of controlled substances, criminal trespass.  You show no signs of good faith here that can be relied on.

*Id.* at 4-5.

Thus, we agree with counsel that Appellant's issue regarding his sentence is frivolous.  Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[4] *Flowers*, 113 A.3d at 1248.  Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2017

---

[4] We reviewed the record mindful of the fact that "the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." *Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005)