J. S31041/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT M. FLERX, JR., | : | No. 2009 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered November 13, 2019,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0000395-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT MICHAEL FLERX, | : | No. 2010 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered November 13, 2019,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0006289-2017

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED AUGUST 25, 2020**

In these consolidated appeals, Robert M. Flerx, Jr., appeals from the

November 13, 2019 aggregate judgment of sentence of two to five years'

imprisonment[1] imposed after he was found to be in violation of his probation

and parole. After careful review, we affirm the judgment the sentence.

The trial court summarized the relevant facts and procedural history of

this case as follows:

> On July 15, 2016, [appellant] pled guilty to one count each of corruption of minors and indecent exposure at docket number 395-2016. He was sentenced on October 13, 2016 to concurrent five (5) year terms of probation with sex offender conditions. On March 30, 2017, a motion to issue *capias* and bench warrant was filed alleging that [appellant] was in violation of the sex offender conditions of his probation for being discharged from sex offender treatment. [Appellant] was subsequently found to be in violation of his probation on April 26, 2017 and was sentenced to new five (5) year terms of probation, again with sex offender conditions. On November 14, 2017, a second motion to issue *capias* and bench warrant was filed alleging that [appellant] was in violation of the sex offender conditions of his probation for being discharged from sex offender treatment, for viewing pornography and for being in contact with minors. [Appellant] was subsequently found to be in violation of his probation following a hearing on December 15, 2017.
>
> Meanwhile, on October 12, 2017, [appellant] was charged with statutory sexual assault, corruption of minors and unlawful contact with a minor. On March 19, 2018, [appellant] pled guilty at docket

---

[1] Specifically, at CP-36-CR-0000395-2016, appellant was sentenced to concurrent terms of two to five years' imprisonment for one count each of corruption of minors, 18 Pa.C.S.A. § 6301, and indecent exposure, 18 Pa.C.S.A. § 3127. At CP-36-CR-0006289-2017, appellant was sentenced to concurrent terms of two to five years' imprisonment for one count each of statutory sexual assault, 18 Pa.C.S.A. § 3122.1, and corruption of minors. The sentences for both dockets were ordered to be served concurrently. (**See** sentencing order 11/13/19 at ¶¶ 1-2, 4-5, 8; notes of testimony, 11/13/19 at 11-13.)

number 6289-2017 to one count each of statutory sexual assault and corruption of minors. He was sentenced at docket number 6289-2017 to concurrent split sentences of one (1) year less one (1) day to five (5) years of incarceration and a consecutive five (5) years of probation with sex offender conditions pursuant to the terms of a negotiated plea agreement. For his probation violation at docket number 395-2016, his probation sentences were ordered to be continued.

[Appellant] was granted parole on October 31, 2018. On August 23, 2019, a motion to issue **capias** and bench warrant was filed alleging that [appellant] was in violation of the sex offender conditions of his parole and probation for being discharged from sex offender treatment. [Appellant] was found to be in violation of his probation and parole at a hearing on September 9, 2019 where it was revealed that in addition to being discharged from sex offender treatment, [appellant] had also admitted to viewing pornography, masturbating in public, engaging in sexual intercourse in public, having continued contact with minors, engaging in "sexual chat" with minors on dating websites and having photographs of a minor. Following the completion and filing of a presentence investigation report ("PSI"), [appellant] was sentenced on November 13, 2019. At docket number 395-2016, [appellant] was sentenced to concurrent two (2) to five (5) year terms of incarceration. At docket number 6289-2017, [appellant's] parole was terminated and he was sentenced [to] concurrent two (2) to five (5) year terms of incarceration. The sentences for both dockets were ordered to be served concurrently.

[Appellant] filed a post-sentence motion on November 25, 2019 and a notice of appeal on December 12, 2019. [Appellant]'s post-sentence motion was denied by order dated January 2, 2020. [On December 17, 2019, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).] In a statement of errors

> complained of on appeal, filed on January 3, 2020, [appellant] challenges the discretionary aspects of his sentence, claiming that the sentence is manifestly excessive and unreasonable and failed to adequately take into consideration [appellant's] history, character and rehabilitative needs. [The trial court filed its Rule 1925(a) opinion on February 5, 2020.]

Trial court opinion, 2/5/20 at 1-4 (footnotes and extraneous capitalization omitted).

On appeal, appellant raises the following issue for our review:

> Considering the Sentencing Code as a whole, was the sentence imposed was [sic] unreasonable, excessive, and an abuse of discretion where the [trial] court did not adequately consider the individual history and character of [a]ppellant nor the rehabilitative needs of [a]ppellant?

Appellant's brief at 6.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 117 A.3d 297 (Pa. 2015). "[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." ***Commonwealth***

*v. Ferguson*, 893 A.2d 735, 737 (Pa.Super. 2006), *appeal denied*, 906 A.2d 1196 (Pa. 2006).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant has filed timely notices of appeal and preserved his discretionary sentencing claim in his post-sentence motion. Appellant also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). (**See** appellant's brief at 10-12.) Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), *appeal denied*, 76 A.3d 538

(Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

Here, appellant contends that the trial court imposed an excessive and unreasonable sentence without giving adequate consideration to his individual character and history, including his age, tumultuous childhood, and mental health and intellectual disability issues, work history, and his rehabilitative needs. (Appellant's brief at 11, 16-18.) This court has recognized that a claim that the sentencing court failed to consider individualized circumstances in fashioning a sentence, including an appellant's rehabilitative needs, raises a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa.Super. 2013) (stating, "appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review."), ***appeal denied***, 91 A.3d 161 (Pa. 2014). Accordingly, we proceed to consider the merits of appellant's discretionary sentencing claim.

Contrary to appellant's contention, our review of the November 13, 2019 sentencing hearing transcript reveals that the trial court considered and

weighed numerous factors in fashioning appellant's sentence, including his age (26), limited work history during his period of supervision, and intelligence. (Notes of testimony, 11/13/19 at 7-8.) The trial court reasoned that "[appellant is] intelligent enough to understand the significance of his acts, having graduated from high school despite the fact he has some learning disability claims." (*Id.*) The trial court also explicitly indicated that it considered appellant's repeated failure to comply with the conditions of his probation and parole, stating that his recent cases have involved serious offenses with minors and "[h]is violations have consistently been refusing to follow through with the appropriate instructions of the Court or sex offender counseling people relative to those minors." (*Id.* at 8.) The record further reflects that the trial court considered appellant's character and written statement to the court, and indicated that it was aware of appellant's ADHD and other intellectual disabilities. (*Id.* at 8-9.) Although the record reflects that the trial court did not specifically mention the term 'rehabilitation' during the sentencing hearing, the trial court clearly considered this factor, stressing appellant's continued refusal to rehabilitate. The trial court reasoned:

> Specifically, since July you have indicated masturbation to fantasies of minors that he knows; sending sexual images of himself to his girlfriend within the past four weeks; public masturbation while riding on a public bus; public masturbation while in a grocery store bathroom; public sex in a grocery store bathroom; purchase of panties to masturbate with; speaking to his girlfriend about having children and preventing children from going out to have sex by buying sex toys for them; grooming individuals, two

> minor females, to meet up with you; engaging them in communication so that you could get pictures, nude pictures, of them; attempting to secrete and private meetings with minors.
>
> It just continues. It doesn't matter what we tell you you cannot do, you just continue to do whatever you please. And your please (sic) is sex with minors, pornography with minors.

*Id.* at 9-10.

Additionally, the record reflects that the trial court was in possession of a PSI report and acknowledged that it considered it "in detail." (*Id.* at 8.) Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the [appellant]'s character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014).

Based on the foregoing, we find that appellant's challenge to the discretionary aspects of his sentence must fail. Accordingly, we affirm the November 13, 2019 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020