J-S17034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAIRE ELISABETH CODY | : | |
| | : | |
| Appellant | : | No. 1505 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 6, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000480-2015

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JUNE 09, 2021**

Claire Elisabeth Cody (Cody) appeals *nunc pro tunc* from the judgment of sentence imposed in the Court of Common Pleas Franklin County (sentencing court) after the revocation of her probation. She maintains that the sentence was manifestly excessive under the circumstances. We affirm.

We take the following factual background and procedural history from the sentencing court's January 25, 2021 opinion and our review of the record.

**I.**

On April 13, 2015, the Commonwealth filed an Information charging Cody with Involuntary Manslaughter, Homicide by Vehicle, Obedience to Traffic Control Devices, Driving on Roadways Laned for Traffic, Vehicle

---

[*] Retired Senior Judge assigned to the Superior Court.

Entering or Crossing Roadway and Reckless Driving.[1]  The charges related to Cody's involvement in a fatal two-vehicle crash on May 6, 2014, in which she departed her lane of travel for a substantial distance, crossed the center lane and opposite lane of travel, drove off the side of the roadway and struck a speed limit sign before reentering the roadway and striking the front of the victim's vehicle at approximately 51 to 53 miles per hour.

On October 29, 2015, Cody pled guilty to one count of Involuntary Manslaughter as a first-degree misdemeanor and was sentenced on December 15, 2015, to an aggregate term of not less than 11 nor more than 23 months' imprisonment, plus 37 months' reporting probation.  As conditions of probation, the court ordered, in pertinent part, that Cody "may not operate a motor vehicle" and "may NOT CONSUME any alcohol."  (Sentencing Order, 12/16/2015) (emphasis in original).

On March 26, 2019, while on probation, Cody was pulled over for speeding in Maryland and charged with Driving Vehicle While Impaired by Alcohol, Driving Vehicle While Under the Influence of Alcohol, Driving Vehicle While under the Influence of Alcohol *Per Se* and Exceeding Posted Maximum Speed Limit:  70 MPH in a Posted 55 MPH Zone.

---

[1] 18 Pa.C.S. § 2504(a), 75 Pa.C.S. §§ 3732(a), 3111(a), 3309(1), 3324 and 3736(a).

In anticipation of the scheduled November 6, 2019 Violation of Probation (VOP) Hearing, the court reviewed a thorough pre-sentence probation violation report detailing the relevant considerations. At the VOP Hearing, the court heard argument from counsel and Cody spoke on her own behalf. The sentencing court explains:

> Counsel for [Cody] explained the events leading to the new charges as follows: a few months prior to the incident in 2019, [Cody]'s mother passed away. Two weeks later, her one-month-old son died. Due to these events, [Cody] was undergoing grief counseling. As her fiancé was incarcerated at the time, [Cody] was unable to obtain a ride to counseling. [She] did not own a vehicle, so she obtained a rental car in order to get to counseling, among other places. On the night in question, [Cody] met some friends at a house, as she was having difficulty dealing with the recent deaths in her family. [Cody] consumed alcohol and subsequently got in the rental car and began driving. [Cody] was pulled over by an officer in Maryland for speeding, which led to the present charges.
>
> Defense counsel argued [Cody] got in the car that night to start taking care of her personal demons after the deaths of her son and mother. He referred to [Cody's] conduct as a "bad choice." [Cody] similarly conceded she made poor choices by driving, and further, by consuming alcohol prior to getting behind the wheel. She claimed, however, that she is committed to not repeating those mistakes and believes she does not present a danger to society. She explained she has a degree in social science and plans to pursue a career in counseling to help others going through similar situations.
>
> On the other hand, the attorney for the Commonwealth requested the court impose a sentence of 18 to 36 months' imprisonment. We also received a copy of the recommendation by the probation department, recommending the same. The Commonwealth explained that, although it was [Cody]'s first formal violation, she had received one prior written warning and one prior verbal warning while on supervision. Further, the Commonwealth emphasized the nature of the original charges,

particularly the fact that [Cody]'s reckless driving led to an accident and the death of another individual.

(Sentencing Court Opinion, 1/25/21, at 9-11) (unnecessary capitalization omitted).

After considering both arguments, the court sentenced Cody to a term of not less than 18 nor more than 36 months of incarceration, with credit for time served from June 18, 2019, to November 6, 2019. The court denied Cody's post-sentence motions and her appeal was quashed as untimely at docket number 2108 MDA 2019. Subsequently, the court found that Cody had received ineffective assistance of counsel and reinstated her direct appeal rights. She has timely appealed *nunc pro tunc* and complied with Rule 1925. *See* Pa.R.A.P. 1925.

## II.

On appeal, Cody argues that her VOP sentence of total confinement is manifestly unreasonable on its face. This issue challenges the discretionary aspects of sentence.[2] *See Commonwealth v. McAfee*, 849 A.2d 270, 274

---

[2] Our standard of review for abuse of discretion challenges to discretionary aspects of a probation revocation sentence "requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012) (citation omitted); *see also Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) ("[It]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation.").

- 4 -

(Pa. Super. 2004) (stating that a claim that the trial court erred in imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of one's sentence).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Baker*, *supra* at 662 (citation omitted).

Here, Cody filed a timely post-sentence motion and notice of appeal. Although she fails to provide a Rule 2119(f) statement, we will ignore this omission where the Commonwealth has not objected. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004). Thus, we consider whether she has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018). "A defendant presents a substantial question when

he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotation marks and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Cody argues that the court erred in its application of 42 Pa.C.S. § 9711(c), resulting in a manifestly excessive sentence of total confinement where she had not been convicted of a new crime, she already had served much of her original sentence, and it was her first violation. She also argues the court failed to consider the mitigating factors that her Maryland arrest followed her baby's recent death and that she plans to use her degree to help others. (*See* Cody's Brief, at 8). This raises a substantial question and we will review the merits of her issue. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2015) ("This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

Upon revoking a defendant's probation and imposing a new sentence, a court has available to it essentially all the sentencing alternatives that existed at the time of the initial sentencing. *See* 42 Pa.C.S. § 9771(b). Hence, if the original offense was punishable by total confinement, such a penalty is available to a revocation court, subject to the limitation that the court shall not impose total confinement unless it finds that: (1) the defendant has been

convicted of another crime; (2) the defendant's conduct indicates a likelihood of future offenses; or (3) such a sentence is necessary to vindicate the court's authority. **See** 42 Pa.C.S. § 9771(c). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Commonwealth v. Simmons**, 56 A.3d 1280, 1286-87 (Pa. Super. 2012) (citation omitted).

In the instant case, Cody pleaded guilty to Manslaughter as a first-degree misdemeanor and, therefore, the court was free to sentence her to a term of up to five years' incarceration.[3] **See** 18 Pa.C.S. §§ 1104(1), 2504(b). Accordingly, the sentence imposed of not less than 18 nor more than 36 months' incarceration was within "the maximum sentence that [the court] could have imposed originally at the time of the probationary sentence." **Simmons**, **supra** at 1287 (citation omitted).

Further, Cody admitted that she violated her probation. (**See** N.T. Hearing, 11/06/19, at 2-3, 9). The court considered that both the new arrest and the original incident involved driving while intoxicated and, therefore, she was not only violating the court's express conditions, she was not only likely to commit another offense, but she did so. (**See id.** at 8-10); (Sentencing Ct. Op., at 9, 11); 42 Pa.C.S. § 9711(c)(2). The notes of testimony also reflect

---

[3] Cody served 11 months of her original sentence.

that despite being aware of the original sentencing order's clear language, Cody drove several times while being prohibited from doing so, was warned not to do so, and she then rented a car and drove after drinking alcohol. (**See** N.T. Hearing, at 4-6); (Sentencing Ct. Op., at 11-12). The court was aware of Cody's tragic personal history, as well as Cody's statement that she intended to help those less fortunate, but it observed that this did not excuse her behavior or lessen the seriousness of the crime and that Cody was a danger to society. (**See** N.T. Hearing, at 5, 9-10); (Sentencing Ct. Op., at 12).

Finally, because the court had the benefit of a pre-sentence report, we presume that it considered all relevant factors in reaching its sentencing decision. **See Commonwealth v. Baker**, 72 A.3d 652, 663 (Pa. Super. 2013),*affirmed*, 91 A.3d 102 (Pa. 2014) ("When a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence.").

Based on the foregoing, we discern no abuse of discretion. We conclude that the sentencing court acted well within its discretion in sentencing Cody to total confinement upon revocation of her probation. **See Schutzues**, **supra** at 98. Her claim does not merit relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2021