J-S03021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIRANDA MILLER | : | |
| | : | |
| Appellant | : | No. 1004 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 20, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003894-2017

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                **FILED MAY 07, 2024**

Appellant Miranda Miller appeals from the judgment of sentence imposed following the revocation of her probation. On appeal, Appellant challenges the discretionary aspects of her sentence. We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On November 30, 2020, [Appellant] plead guilty to one (1) count of manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver [(PWID)].[1] In exchange, the Commonwealth withdrew the charges of (1) drug delivery resulting in death; (2) intentional possession of a controlled substance by a person not registered; and (3) driving without a license. On April 2, 2021, [Appellant] was sentenced to forty-eight (48) months of restrictive probation, the first ten (10) months in the Dauphin County Prison Work Release Center, followed by two (2) months of house arrest with electronic monitoring. As a condition of her sentencing, [Appellant] was

---

[1] 35 P.S. § 780-113(a)(30).

required to start a twelve (12) step program and obtain a sponsor within ninety (90) days.

A detainer was issued against [Appellant] by Dauphin County Adult Probation and Parole (hereinafter "County Probation") on July 16, 2021, for alleged violations of probation. The alleged violations were failure to maintain employment, test[ing] positive for amphetamines upon returning to the Work Release Center, and electronic monitoring violations. On September 8, 2021, following a revocation hearing, [the trial court] revoked [Appellant's] restrictive probation and re-sentenced her to forty-eight (48) months of restrictive probation, fifteen (15) months and twenty-two (22) days restrictive portion to be served in Dauphin County Prison. Time credit of seven (7) months and twenty-two (22) days was applied, leaving [Appellant] to serve eight (8) months in Dauphin County Prison.

On October 25, 2021, a second . . . detainer was issued against [Appellant] by County Probation for alleged violations of probation. The alleged violations were violating the rules at the Work Release Center (drug use and failure to maintain employment) and smuggling Seroquel for a fellow inmate. Following a revocation hearing on November 16, 2021, [the trial court] revoked [Appellant's] restrictive probation and re-sentenced her to forty-eight (48) months of restrictive probation, sixteen (16) months restrictive portion to be served at Dauphin County Prison, followed by house arrest with electronic monitoring. Time credit of ten (10) months was applied.

A third . . . detainer was issued against [Appellant] by County Probation on July 29, 2022, for alleged violations of probation. The alleged violations were receiving new criminal charges, failure to make payments, drug paraphernalia in her home, and testing positive for, and ultimately admitting to using, methamphetamines. On February 14, 2023, following a revocation hearing, the Honorable Jeffrey B. Engle, sitting for this [c]ourt, revoked [Appellant's] restrictive probation and re-sentenced her to twenty-three (23) months of restrictive probation, the first three (3) months to be served on house arrest with electronic monitoring. [Appellant] was ordered to be immediately released.

On or about May 23, 2023, a fourth . . . detainer was issued against [Appellant] by County Probation for alleged violations of probation. The alleged violations were testing positive for, and

ultimately admitting use of, methamphetamines. Following a revocation hearing on June 20, 2023, this [c]ourt revoked [Appellant's] restrictive probation and resentenced her to a term of five (5) to ten (10) years of incarceration in a state correctional institution. Time credit of sixteen (16) months and one (1) day was applied, and [Appellant] was made eligible for the Recidivism Risk Reduction Incentive ("RRRI") program, as well as the State Drug Treatment Program ("STDP").

Trial Ct. Op., 8/13/23, at 1-3 (some formatting altered and footnotes omitted).

On June 27, 2023, Appellant filed a timely post-sentence motion to modify the June 20, 2023 revocation sentence. The trial court denied the motion, and Appellant filed a timely notice of appeal on July 17, 2023. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Whether the trial court abused its discretion when it imposed a sentence of five to ten years in state prison without considering the history and characteristics of Appellant; thus, constituting a manifestly unreasonable sentence considering the rehabilitative needs of . . . [A]ppellant?

Appellant's Brief at 5.[2]

_____

[2] In **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019), our Supreme Court examined the statutory framework governing probation revocations and concluded that "a court may find a defendant in violation of probation only if the defendant has violated one of the specific conditions of probation included in the probation order or has committed a new crime." **Id.** at 1250; **see also Commonwealth v. Koger**, 295 A.3d 699 (Pa. 2023); 42 Pa.C.S. § 9754(b). "To insure that general condition is met, or to assist the defendant in meeting that general condition, the order must also include certain "specific conditions" of probation. **Foster**, at 1250; **see also Koger**, 295 A.3d at 705; 42 Pa.C.S. § 9763.
*(Footnote Continued Next Page)*

Appellant argues that the trial court imposed a manifestly excessive sentence following a technical probation violation and failed to consider mitigating factors, Appellant's rehabilitative needs, and the limitation on sentences of total confinement under 42 Pa.C.S. §§ 9725 and 9771. **See** Appellant's Brief at 10-12.

Appellant's claim implicates the discretionary aspects of her sentence. **See Commonwealth v. Ferguson**, 893 A.2d 735, 736-37 (Pa. Super. 2006) (providing that claims the trial court abused its discretion in imposing a sentence of total confinement upon revocation of probation and imposed an excessive sentence challenged the discretionary aspects of the sentence). We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute[.]" **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted). Rather, where an appellant challenges the discretionary aspects of a sentence, the "appeal should be considered a

---

Only upon the violation of any of the specified conditions in the probation order (general or specific) may a court revoke the defendant's probation. In other words, a court may find a defendant in violation of probation only if the defendant has violated one of the specific conditions of probation included in the probation order or has committed a new crime. The plain language of the statute does not allow for any other result.

**Foster**, 214 A.3d at 1250 (citations and quotation marks omitted). Here, however, Appellant does not challenge the finding of a probation violation or the revocation of her probation, and the record reflects that Appellant stipulated to violating the terms of her probation. **See** N.T., 6/20/23, at 2 (unpaginated). Appellant challenges only the sentence imposed following the revocation of her probation.

- 4 -

petition for allowance of appeal." *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007) (citation omitted).

In *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010), this Court explained that an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* at 170 (citation omitted and formatting altered). The determination of whether there is a substantial question is decided on a case-by-case basis, and this Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Here, Appellant preserved the instant claim in a motion for reconsideration, filed a timely appeal, and included a Rule 2119(f) statement in her appellate brief. *See id.* Appellant has also raised a substantial question for review. *See Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020) (holding that a claim that the trial court failed to consider sentencing criteria pursuant to 42 Pa.C.S. § 9721(b), including the

defendant's rehabilitative needs, presents a substantial question), *appeal denied*, 253 A.3d 213 (Pa. 2021); *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (stating that "[w]hen imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771") (citation omitted); *Ferguson*, 893 A.2d at 737 (concluding that a claim that the trial court erred in its application of Section 9771 and that the revocation sentence imposed was manifestly excessive raised a substantial question). Therefore, we will address the merits of Appellant's sentencing claim.

Our standard of review is as follows:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Starr*, 234 A.3d 755, 760-61 (Pa. Super. 2020) (citation omitted). Section 9721(b) provides, in relevant part, that "the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

The court shall not impose a sentence of total confinement upon revocation unless it finds that: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is

not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c) (formatting altered). Before the trial court may revoke probation, the court must find, "based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime[.]" *Commonwealth v. Parson*, 259 A.3d 1012, 1019 (Pa. Super. 2021) (citations omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation[,] the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed and failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant.

*Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citation omitted and formatting altered); *see also* 42 Pa.C.S. § 9721(b); Pa.R.Crim.P. 708(D)(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed."). However, "[the] trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Colon*, 102 A.3d at 1044 (citation omitted).

> Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is

already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [presentence investigation (PSI) report] during the initial sentencing proceedings. **See** [**Commonwealth v.**] **Walls**, 926 A.2d [957,] 967 n.7 [(Pa. 2007)] ("Where [a PSI report] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." [(citation omitted)]).

**Commonwealth v. Pasture**, 107 A.3d 21, 28 (Pa. 2014).[3]  "[O]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing."  **Parson**, 259 A.3d at 1019 (citations omitted and formatting altered); **see also** 42 Pa.C.S. § 9771(b).

As noted previously, Appellant stipulated to a technical probation violation in 2023.  **See** N.T., 6/20/23, at 2 (unpaginated).  Therefore, the recently enacted Resentencing Guidelines, 204 Pa. Code §§ 307.1-307.4, apply to Appellant's probation revocation sentence.[4]  Here, the trial court discussed the Resentencing Guidelines and concluded that the standard-

---

[3] The record reflects that the trial court had the benefit of a PSI at Appellant's initial sentencing hearing.  **See** PSI, 4/2/21.

[4] **See Commonwealth v. Simmons**, 262 A.3d 512, 525 n.8 (Pa. Super. 2021) (explaining the creation and implementation of the "Resentencing Guidelines," 42 Pa.C.S. § 2154.4, 204 Pa.Code §§ 307.1-307.4, and their application to sentences imposed following the revocation of probation).

sentence range was between six and fourteen months.[5] Trial Ct. Op., 8/13/23, at 6. However, the trial court also acknowledged that Appellant's sentence of five to ten years of incarceration was outside the aggravated range of the guidelines. *Id.*

The trial court continued:

Although not stated summarily, the record is replete with this [c]ourt's reasons for resentencing above the aggravated range. First, this was Appellant's fourth (4th) revocation since April of 2021 for continued drug use. It is important to note that Appellant was initially charged with drug delivery resulting in death, which was withdrawn pursuant to a negotiated plea agreement.

Second, Adult Probation Office Michael Russo (hereinafter "APO Russo") testified that his office has exhausted every option for Appellant, and there is nothing further that county probation can do to assist her. He testified that all four (4) revocations were for drug use or obtaining new charges. During her time on probation, Appellant has not attempted mental health or drug and alcohol treatment, nor did she re-engage with her doctor at Community Services Group ("CSG").

For the current violation, Appellant admitted to APO Russo that her neighbor brought her methamphetamine, and she used it. . . . APO Russo reiterated his concerns through a recent incident. On February 22, 2023, APO Russo and APO Banning placed Appellant under arrest. She was handcuffed to the rear and placed in the back of a county vehicle. APO Banning rode in the backseat with Appellant because their vehicle was not equipped with a secure divider. While APO Russo was driving on 322 West

---

[5] We note that the calculation of a prior record score (PRS) implicates the discretionary aspects of a sentence, not its legality. *Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa. Super. 2004). Appellant never challenged the trial court's calculation of the PRS and did not include this issue in her Rule 1925(b) statement. As such, we conclude that any challenge to the PRS is waived. *See Commonwealth v. Becher*, 293 A.3d 1226, 1237 n.7 (Pa. Super. 2023) (citing Pa.R.A.P. 1925(b) and explaining that any issue not raised in a Rule 1925(b) statement will be deemed waived on appeal).

at approximately sixty (60) miles per hour, Appellant unbuckled her seatbelt, unlocked the door, and attempted to jump out of the vehicle. Fortunately, APO Banning was able to grab Appellant's waist and hold on while APO Russo stopped the vehicle. Appellant admitted that this was an attempted suicide. APO Russo testified that they were ultimately able to transport Appellant without further incident. Ultimately, APO Russo recommended that Appellant be resentenced to state incarceration so she can obtain drug and alcohol treatment.

Lastly, this Court made it very clear on the record of its concerns for Appellant's safety and well-being:

> THE COURT: ... [T]he issue is your ability to actually focus on your recovery as a priority. And you just told me the formula for your failure was that you were too caught up on other things including finances, your custody issues, and everything else.
>
> * * *
>
> When you're an opiate addict, there can only be one first priority, and that is your full recovery because it's an unforgiving disease that you have. And I can't ignore the fact this is the fourth revocation and . . . I'm actually kind of surprised that Judge Engle actually gave you that additional break. The normal rule here is three strikes, you're out ....
>
> * * *
>
> ... I agree with probation in that they've tried everything on the county level.
>
> You need a structured environment where you'll have no . . . distractions and that you can concentrate on what it takes to keep you alive. The fact that you almost committed suicide when you were taken into custody tells me exactly what kind of high risk you are until your mental health and your drug and alcohol issues can be addressed comprehensively. And then you can be returned to . . . functionality, otherwise you won't be there for your child.

This [c]ourt went on to state:

> THE COURT: ... One of the most painful parts of my job is when I actually close out probation and parole cases

- 10 -

because people under supervision overdose and die on opiates. People think it doesn't hurt. It does because I'm able to put a face to each one of those cases where someone with the best intentions that pleads adamantly to the [c]ourt that they can turn it around, they can take control of their disease, then they fail. . . . And I'm not going to allow that to happen here.

\* \* \*

... This is the fourth revocation. There's one way to keep her alive, and that is to put her in a controlled setting where she can concentrate on that. I'll make her eligible for the State Drug Treatment Program, which I think would be the perfect fit if indeed she's willing to finally tackle her treatment.

\* \* \*

So I'm going to structure the sentence in such a way that if you take an opportunity to get the treatment, you can make yourself eligible for an early release.

Although [Appellant's] minimum sentence is five (5) years, she had over sixteen (16) months of time credit. That will allow her enough time to get the appropriate mental health and drug and alcohol evaluations, in order for her to qualify and successfully complete the SDTP. The sentence was not punitive, but rather therapeutic. It is her last best chance to get treatment in a controlled environment to overcome her opiate addiction. As a result, this [c]ourt did not abuse its discretion when resentencing Appellant outside the aggravated range because it sufficiently articulated its reasons on the record.

Trial Ct. Op., 8/13/23, at 6-9 (citations omitted).

Following our review of the record, we discern no abuse of discretion by the trial court. *See Starr*, 234 A.3d at 760-61; *Ferguson*, 893 A.2d at 737. The record reflects the trial court's reasoning for the sentence imposed. *See* N.T., 6/20/23, at 14-18 (unpaginated). The trial court thoroughly explained that Appellant needed mental health and drug treatment. *See id.* at 14-17

- 11 -

(unpaginated); Trial Ct. Op., 8/13/23, at 7-9. Additionally, the trial court noted that previous attempts at rehabilitation and less restrictive sentences had failed. *See* N.T., 6/20/23, at 14-15 (unpaginated); Trial Ct. Op., 8/13/23, at 5-6, 8.

Further, although the trial court did not specifically address the PSI at Appellant's most recent sentencing hearing on June 20, 2023, the trial court did have the PSI at Appellant's initial sentencing, and we "shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Pasture*, 107 A.3d at 28. In any event, the trial court expressly considered Appellant's rehabilitative needs and mitigating factors, and it complied with the relevant resentencing statutes. *See Parson*, 259 A.3d at 1019; *Derrickson*, 242 A.3d at 680; *see also* 42 Pa.C.S. §§ 9721(b), 9771(c). For these reasons, Appellant is not entitled to relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/07/2024

- 12 -