J-S09009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MARCUS DUANE COLE | : | |
| Appellant | : | No. 275 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 17, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003038-2020

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                      **FILED JUNE 3, 2025**

Marcus Duane Cole appeals from the judgment of sentence, entered in the Court of Common Pleas of Chester County, following his guilty plea to one count each of aggravated assault[1] and strangulation.[2]  After review, we affirm.

On July 14, 2020, Police Officer Courtenay DeLaney of the West Whiteland Township Police Department was dispatched to Bryn Mawr Hospital to speak with Jennifer McClure.  McClure told Officer DeLaney that she was a victim of domestic violence and that her boyfriend, Cole, had attacked her. McClure stated that, while she was cleaning, Cole grabbed her by the hair and lifted her off the ground.  Cole then forced his hand into McClure's mouth with

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] *Id.* at § 2718(a)(1).

so much force that it broke her jaw. Cole wrapped a towel around McClure's neck, applied pressure until she could not breathe, and then threw her down the stairs.

As a result of Cole's attack, McClure suffered a fractured jaw as well as nerve damage. McClure had permanent surgical plates and screws inserted into her cheeks. Additionally, McClure's mouth had to be wired shut for one month and it is possible that she may never regain full function of her jaw.

As a result of the foregoing, Cole was charged with, inter alia,[3] the above-mentioned offenses. On July 17, 2023, Cole entered into a hybrid guilty plea agreement, wherein he agreed to plead guilty to aggravated assault and strangulation and the Commonwealth agreed to withdraw the remaining offenses. The trial court accepted Cole's plea, deferred sentencing, and ordered the preparation of a pre-sentence investigation report (PSI).

On October 17, 2023, the trial court sentenced Cole to two consecutive periods of incarceration of 7½ to 15 years resulting in an aggregate sentence

---

[3] At the above-captioned case, Cole was also charged with simple assault, possession of instrument of crime (PIC), and harassment. Additionally, at a related docket, Cole was charged with witness intimidation for his attempts to prevent McClure from testifying against him. As a result of his plea agreement, the Commonwealth withdrew the charges of simple assault, PIC, and harassment, and nolle prossed the witness intimidation docket.

of 15 to 30 years in prison.[4]  On October 25, 2023, Cole filed a timely post-sentence motion, which the trial court denied on December 19, 2023.

Cole filed a timely notice of appeal[5] and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Cole now raises the following claim for our review:  "Whether the [trial] court abused its discretion by imposing an excessive sentence that failed to consider mitigating factors including the failure of the victim and a past victim to appear or give a statement?"  Brief for Appellant, at 6.

Cole's claim challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal.  *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013).  Rather, when an appellant raises such a challenge, we must consider his brief on this issue as a petition for

_____

[4] Cole was sentenced on another domestic violence case on the same day. Cole appealed that sentence as well, and it is docketed at 276 EDA 2024.  At that docket, Cole received an aggregate sentence of 42 to 84 years' incarceration for his violent eight-hour assault of Chrystelynn Little on August 15-16, 2022.  Cole's assault of Little occurred during the pendency of the above-captioned case, a mere two months after he made bail on the instant charges.  Cole's sentences at 275 EDA 2024 and 276 EDA 2024 were imposed consecutively, resulting in an aggregate sentence of 57 to 114 years' incarceration.

[5] On July 11, 2024, this Court dismissed Cole's appeal for failure to file a brief. *See* Order, 7/11/24.  On the same day, Cole filed an application for reconsideration, in which Cole's counsel averred that:  (1) there were still outstanding transcripts; (2) counsel had not received a briefing schedule; and, (3) counsel had recently been married and was honeymooning.  *See* Application for Reconsideration, 7/11/24, at 1-2. On July 19, 2024, this Court reinstated Cole's appeal and directed that his brief be filed no later than August 19, 2024.  *See* Order, 7/19/24, at 1.  Cole has complied and we now address his appeal.

permission to appeal. ***Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Cole has filed a timely notice of appeal, a post-sentence motion, and properly included a Rule 2119(f) statement in his brief. We next consider whether he has raised a substantial question for our review.

Whether a particular issue constitutes a substantial question about the appropriateness of the sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). This Court does not accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***See Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006).

Cole argues that, in fashioning his sentence, the trial court failed to consider any mitigating factors and that the resulting aggregate 15-to-30 year

sentence was excessive. *See* Brief for Appellant, at 12. In particular, Cole alleges that the trial court failed to consider the abuse he suffered as a child, his need for mental health and drug treatment, and that the victim did not give an impact statement at the sentencing hearing. *See id.*

We conclude that Cole has raised a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (excessive sentence claim combined with claim court failed to consider mitigating factors raises substantial question); *see also Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (finding substantial question where appellant argued trial court focused on seriousness of offense and did not consider rehabilitative needs). Accordingly, we review the discretionary aspects of Cole's sentence.

We adhere to the following standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Carr*, 262 A.3d 561, 568 (Pa. Super. 2021) (citation omitted).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's

character, displays of remorse, defiance or indifference[,] and the overall effect and nature of the crime." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. ***Id.*** Further, "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and [] where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

At the sentencing hearing, the trial court placed the following reasons on the record:

> Cole, you have received chance after chance[,] time after time[,] to try to do the right thing, and it is not lost on any—that within a short period of time of being left to your own devices on the streets that you continue your reign of terror on the women of Chester County,[6] and that is going to stop today.

---

[6] The trial court was referencing that, since 2004, Cole has been committing domestic assaults against his paramours, even when he is on probation, parole, and bail for prior domestic assaults.

> You've had opportunities to change.  You did not take advantage of them.  So today that will stop.  I have . . . fashioned [a] sentence [and] I am taking into account the [PSI].
>
> I am taking into account the sentencing memorandum of both the defense and the prosecution, the victim impact statement,[7] the guidelines, [] the facts, and [Cole's] history[.]  As well as the need to protect the community, and the fact that it seems as if an attempt to rehabilitate [Cole] time after time has gone without any effect.

N.T. Sentencing Hearing, 10/17/23, at 42-43.

Additionally, the trial court explained in its Rule 1925(a) opinion as follows:

> [Cole] was correctly sentenced in accordance with 42 Pa.C.S.A. §[ ]9721 and existing case law.  The court took into account all relevant factors and considered the information contained in the [PSI], the protection of the public, the gravity of the offense, and [Cole's] rehabilitative needs and determined that he should be sentenced as stated above.  The Commonwealth was actually seeking a longer sentence than the one imposed.  They requested a sentence of 10 to 20 years on each charge to be served consecutively, for an aggregate sentence of 20 to 40 years.  The court determined that an aggregate sentence of 15 to 30 years was sufficient and appropriate.
>
> The court notes that this was a very troubling case.  [Cole] was still under supervision for a prior domestic assault when this incident occurred.  He was released from prison in that case in October of 2019.  After his release, [] McClure provided a home for [Cole] and his children.  Pursuant to the [PSI], [Cole] began assaulting [] McClure as early as January of 2020 while he was still on state parole.  [Cole] also tried to intimidate [McClure] so that she would not testify against him.  [Cole] was charged with

_____

[7] At the sentencing hearing, the trial court heard a victim impact statement from Little.  *See* N.T. Sentencing Hearing, 10/17/23, at 27-31.  McClure, the victim in this case, did not appear at sentencing, but had previously stated that she only wished for Cole to receive mental health treatment.  *See id.* at 12.

[w]itness intimidation, but that case was nolle prossed in exchange for his [guilty plea in this case]. [Cole] turned himself in on September 4, 2020. A detainer against him was lifted, he made bail[,] and he was released from jail in June of 2022. In August of 2022, [while the instant case was pending,] he violently assaulted [] Little [and] terrorized her overnight from August 15-[]16, 2022.

[Cole's] contact with the criminal justice system began in 1993 when he was a juvenile. He had cases against him in 1993, 1994, and 1997 for possession with intent to deliver ([] PWID). He had more PWID cases in 1998 and 1999, when he was an adult. . . . [I]n 2004 [Cole had a domestic violence case]. [Cole] had additional domestic assault cases in 2006, 2009, 2010, 2013[,] and 2016. In each assault, the level of violence escalated. His offenses occurred while he was on probation, on parole, on bail, and while other cases were still pending. He received major breaks in his sentences for the prior cases, and[,] instead of recognizing the chances he was given and doing better, his assaults on women became more and more violent. This information is relevant in determining [Cole's] remorse and his potential for rehabilitation, which are relevant factors to consider when determining a proper sentence.

[Cole] claims that the court should have given more weight to mitigating factors. It is clear that the aggravating factors more than outweighed any mitigation to which [Cole] feels he was entitled. As the Commonwealth pointed out, the only mitigating factor that [it] could find was that [Cole] stopped getting charged with new drug cases.

* * *

[Cole] also claims that his sentences should have been imposed concurrently and not consecutively. The court notes that it is within the sentencing court's discretion whether to run sentences concurrently or consecutively. In this case, [Cole] was [] sentenced for two separate acts that occurred during his criminal episode against [] McClure. It is completely appropriate for the court to give two separate sentences for these [offenses]. . . .

> The court notes that all of the sentences [Cole] received were within the guideline[s].[8]

Trial Court Opinion, 4/22/24, at 4-7 (unnecessary capitalization omitted).

Upon review of the record, we discern no abuse of discretion where the trial court had the benefit of a PSI and properly weighed all the sentencing factors set forth in section 9721. *See Ventura*, *supra*; *see also Commonwealth v. Gonzalez-Dejesus*, 994 A.2d 595, 599 (Pa. Super. 2010) (this Court will not disturb consecutive sentences unless aggregate sentence is "grossly disparate" to defendant's conduct); *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018) (sentencing courts afforded broad discretion in imposing sentences concurrently or consecutively). Accordingly, we afford Cole no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/3/2025

---

[8] We note that both of Cole's sentences fall within the standard guideline ranges for his offenses. Cole had a prior record score of 5 and, thus, for his conviction of strangulation, Cole's standard guideline range was 90 to 108 months' and for his conviction of aggravated assault, his standard guideline range was 84 to 102 months'. Therefore, Cole's sentence at each offense of 7½ years, or 90 months, falls within the standard range. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007) (explaining Sentencing Guidelines recommend ranges of minimum sentences).